IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JPMorgan Chase Bank, National Association, Successor by Merger to Chase Home Finance LLC, s/b/m to Chase Manhattan Mortgage Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Demetric Hayes,<br><br>Defendant. | C/A No. 3:17-1568-JFA-SVH<br><br><br><br><br><br><br><br>**ORDER** |

## I.  INTRODUCTION

Defendant Demetric Hayes filed a notice of removal, which purports to remove a state mortgage foreclosure action, Case No. 2010-CP-32-669, from the Lexington County Court of Common Pleas to this Court. (ECF No. 1). Because this Court lacks subject matter jurisdiction, this case is remanded to Lexington County Court of Common Pleas pursuant to 28 U.S.C. § 1447(c).

## II.  PROCEDURAL HISTORY

On June 15, 2017, Defendant filed a notice of removal. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C., the case was referred to the Magistrate Judge.[1] On June 26, 2017, the Magistrate Judge issued a Report and Recommendation ("Report") wherein she recommends this Court should *sua sponte* remand this case to the Lexington County Court of Common Pleas for lack of subject matter jurisdiction. (ECF No. 7).

---

[1] The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

Defendant was advised of his right to object to the Report, which was entered on the docket on June 26, 2017. (ECF No. 7–9). On July 10, 2017, Defendant timely filed objections to the Report. (ECF No. 11). Thus, this matter is ripe for this Court's review.

### III. LEGAL STANDARD

The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### IV. DISCUSSION

Defendant objects to the Report in vague and nonsensical statements. He contends "[t]his foreclosure case was removed due to the fact that [he is] an American National state citizen, [and he] can only be restricted by the United States Constitution pursuant to Executive Order 13132." (ECF No. 11 at 1). Moreover, Defendant argues that "[t]he petition for right to review under Title 5 USC subsection 72 is the most appropriate way to address this issue" and the State of South Carolina "can only function as an administrative agent in any matter" so the Lexington County Court of Common Pleas "never had subject matter jurisdiction or personal jurisdiction." *Id.* Finally, Defendant attaches copies of Executive Order 13132, 22 U.S.C. § 611, and the Articles of Confederation. (ECF Nos. 11–11-3).

None of these objections are specific to the Report. To the extent that they are construed to object to the Report's analysis on subject matter jurisdiction, they fail and are overruled.

First, Executive Order 13132 was implemented "to ensure that the principles of federalism established by the Framers guide *the executive departments and agencies in the formulation and implementation of policies*, and to further the policies of the Unfunded Mandates Reform Act, it is hereby ordered as follows." Federalism, 64 FR 43255 (emphasis added). The State of South Carolina and the Lexington Court of Common Pleas are not federal executive departments or agencies. *See* S.C. Const.; *see also* S.C. Code Ann. § 14-5-10–20. Thus, this objection is overruled because it is irrelevant to the issue at hand.

Second, 5 U.S.C. § 702 governs the right for judicial review of federal agencies' actions. *See* 5 U.S.C. § 702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."); *see also* 5 U.S.C. § 701 ("'agency' means each authority of the Government of the United States"). Therefore, the statute is not applicable to this case, and Defendant's objection based upon it is overruled.

Third, Defendant may not attempt to raise a federal question issue not provided for on the face of the complaint. Furthermore, his claim does not involve the doctrine of complete preemption. Thus, Defendant's attempt to establish subject matter jurisdiction fails.[2] *Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 187 (4th Cir. 2002) (discussing the well-pleaded complaint rule and the doctrine of complete preemption).

Finally, this Court notes that it has already remanded this case to the state court for lack of subject matter jurisdiction. *See JPMorgan Chase Bank, Nat. Ass'n v. Hayes*, No. 3:13-CV-0731-JFA, 2013 WL 2407121, at *2 (D.S.C. June 3, 2013). Therefore, in addition to the analysis provided in the Report, it is inappropriate for this Court to exercise jurisdiction over this case.

---

[2] Defendant stated the following: "[t]o help clarify the deficiencies that were indicated in the [Report], [he] will submit an amended complaint for removal." (ECF No. 11 p. 2). A review of the record in this case reflects that no such amendment was filed nor would an amendment cure the deficiencies.

This Court has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "In the case where remand is based on a lack of subject matter jurisdiction, the remand order may be entered at any time, for jurisdiction goes to the very power of the court to act." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008) (citing 28 U.S.C. § 1447(c)).

The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. As discussed *supra*, Defendant's objections to the Report are without merit and overruled. Therefore, this case is hereby remanded to the state court for lack of subject matter jurisdiction in accordance with 28 U.S.C. § 1447(c).

V.   **CONCLUSION**

After a careful *de novo* review of the record, the applicable law, the Report and the objections thereto, this Court finds that the Magistrate Judge's recommendation is proper. Accordingly, the Court **ADOPTS** and incorporates by reference the Report and Recommendation, of the Magistrate Judge. (ECF No. 7).

WHEREFORE, this Court orders the above-captioned matter be remanded from the United States District Court, District of South Carolina to the Court of Common Pleas in Lexington County, South Carolina.

The Clerk is directed to send a certified copy of this order of remand to the clerk of the state court.

**IT IS SO ORDERED**.

August 23, 2017  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge